IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NANCY TALBOT and HARRY RICHARDS,<br><br>      Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE,<br><br>      Defendant. | CV 20–129–M–DWM<br><br>ORDER |

    Plaintiffs Nancy Talbot and Harry Richards bring this suit against the United States Department of Agriculture, Forest Service for property damage allegedly caused by exposed nails on a water diverter on Forest Service Road 3606. (Doc. 1.) Because Plaintiffs are proceeding in forma pauperis, (Doc. 5), the Court must review their Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires dismissal of a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully

1

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardu*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

The United States has sovereign immunity from suit unless it has waived its immunity or otherwise consented to the suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). If sovereign immunity has not been waived, the case must be dismissed for lack of subject matter jurisdiction. *Id.* The Federal Tort Claims Act (FTCA) grants a waiver of sovereign immunity in certain cases. 28 U.S.C. § 1346(b)(1). The FTCA generally authorizes suits against the United States for property damage "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*; *see Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011).

The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and it must be affirmatively alleged in the complaint. *See McNeil v. United States*, 508 U.S. 106, 111 (1993); *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) ("The FTCA requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the

incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury."); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). Further, no legal action may be instituted under the FTCA unless the claimant first presented his claim to the appropriate Federal agency and either the claim was finally denied by the agency in writing and sent by certified or registered mail, or the agency failed to make final disposition of the claim within six months of its filing. *See* 28 U.S.C. § 2675(a). But "there is no limit on when a plaintiff may file a lawsuit predicated on a deemed denial." *Barnes v. United States*, 776 F.3d 1134, 1140–41 (10th Cir. 2015) (collecting cases). Because the FTCA's exhaustion requirement is jurisdictional in nature, it "must be strictly adhered to." *Brady*, 211 F.3d at 502; *see also Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly.").

Here, Plaintiffs allege that "[a]ll administrative remedies have been exhausted," (Doc. 1 at 3), and attach two administrative Standard Form 95 claims, one dated April 26, 2019, (Doc. 1-1 at 1–7), and one dated May 31, 2019, (*id.* at 8–11). These forms identify property damage arising out of the Forest Service's alleged conduct that occurred in January and April 2019. The forms are both addressed to the "USDA Forest Service" and they request a sum certain in

3

damages. There is no indication that the agency issued a final denial of the claim prior to February 2020 as to trigger a time bar. *See* 28 U.S.C. § 2401(b). While the government may be able to present administrative defenses and/or statutory exclusions to Plaintiffs' claims, Plaintiffs' complaint satisfies the requirements of 28 U.S.C. § 1915, and the government is required to answer.

Accordingly, IT IS ORDERED:

1. Pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, the Clerk of Court shall issue and serve a summons and Plaintiffs' Complaint by certified mail upon:

| U.S. Attorney for the District of Montana Civil Process Clerk 901 Front Street Suite 1100 Helena, MT 59626 | U.S. Attorney General U.S. Department of Justice 950 Pennsylvania Avenue, NW Washington, DC 20530-0001 | USDA Forest Service 101B Sun Ave. NE Albuquerque, NM 87109 |
|---|---|---|

2. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

3. At all times during the pendency of this action, Ms. Talbot and Mr. Richards shall immediately advise the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

DATED this 16th day of October, 2020.

Donald W. Molloy, District Judge
United States District Court